Harper, J.
According to the English practice, as I understand from the case of Hussey v. Baskerville, cited in Recks v. Groneman, 2 Wils. 225, the affidavit is not annexed to the writ, but filed in the proper office ; the sum sworn to, being 'indorsed on the writ. Of course the sheriff has nothing to do with the affidavit, in respect of judging of its sufficiency. If there be no affidavit, or if the affidavit be defective, the remedy is, that the defendant will■ be discharged on common bail. ,
Our act of 1789, P. L. 278, directs the affidavit to be annexed to the writ. For" what purpose this direction is given, the act does not explain. It may be, that the defendant should be apprized of the nature of the demand against him. If the sum sworn to and the order for bail were endorsed on the writ, I should greatly doubt whether the sheriff would not be bound to execute the order, though no affidavit were annexed. The well known rule is, that the sheriff is bound to execute his process; not to judge of its regularity. Could not the sheriff justify the arrést under such process ? If the order be illegally made, the attorney who made it, or the clerk who signed the writ, may be responsible.
But in the present case, I think there is no doubt The plaintiff swears, as agent of Fullerton, that defendant is indebted to Fullerton forty dollars, besides interest, by note of hand. The process shows that he sues on a note of the same amount, payable to, Fullerton, or bearér. The obvious inference is, that he sues as agent and bearer, for the use of Fullerton. If an indorsement were made on the process that the suit is for the use of Fullerton, could there he any question ? This, at the utmost, was a mere irregularity, of which the sheriff had no right to constitute himself the judge.

The Motion is granted,

O’Neall, J. concurred.